# GROUP
# EXHIBIT A

EUGENE A. DI MONTE
CHESTER A. LIZAK
ALAN L. STEFANIAK
RICCARDO A. DI MONTE
DAVID T. ARENA
PATRICK D. OWENS
ABRAHAM E. BRUSTEIN
DENNIS S. NUDO
LEE T. POTERACKI
JOHN E. OWENS
DENIS J. OWENS
JAMES J. RIEBANDT
MARGHERITA M. ALBARELLO

ROBERT S. CLEMENTI
1925 - 2004
LINSCOTT R. HANSON
1937 - 2013

# DI MONTE & LIZAK, LLC
### ATTORNEYS AT LAW
216 West Higgins Road
Park Ridge, Illinois 60068-5736
(847) 698-9600
FAX (847) 698-9623
pfollenweider@dimontelaw.com

RICHARD W. LAUBENSTEIN
JEFFREY S. MC DONALD
PAUL A. GRECO
JULIA JENSEN SMOLKA
IRA P. GOLDBERG
DEREK D. SAMZ
ADAM J. POTERACKI*
RYAN R. VAN OSDOL
JORDAN A. FINFER
PETER M. FOLLENWEIDER
JONATHAN D. MORTON**
THOMAS M. LOMBARDO

* ALSO LICENSED IN WI
** ALSO LICENSED IN FL

WRITER'S EXT 217

May 6, 2015

Ms. Sara P. Yager
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, IL 60654-4688

**RE:** **Hector Santiago vs. Elite Staffing, Inc., Andrew Cole, Gary Cole and Mike Kay**
**Case No. 15 L 004671**

Dear Ms. Yager:

Pursuant to our telephone discussion, you have agreed to accept service on behalf of the Defendants in the above-referenced matter. I have enclosed a copy of the complaint, summons and jury demand herein. Please note your appearance and answer are to be filed on or before June 4, 2015.

Yours truly,

Peter M. Follenweider

PMF:ms
Enclosures
cc:    Margherita M. Albarello (w/o encs.)

*Jury Demand*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| HECTOR SANTIAGO, individually and on behalf of other employees, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| vs. | ) ) ) | |
| ELITE STAFFING, INC., an Illinois Corporation, GARY COLE, an individual, ANDREW COLE, an individual, and MIKE RAY, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

COPY

### VERIFIED COMPLAINT AT LAW

NOW COMES Plaintiff, Hector Santiago ("Santiago"), by his attorneys, DiMonte & Lizak, LLC, and complaining of the Defendants, Elite Staffing, Inc. ("Elite"), Gary Cole ("Gary"), Andrew Cole ("Andrew"), and Mike Ray ("Mike") (collectively "Defendants"), states as follows:

### NATURE OF THE CLAIMS

1.      This is an action for wrongful termination in violation of the Illinois Whistleblower Act, 740 ILCS 174 *et seq.* (the "Act") and Illinois public policy, violations of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and violations of the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). Counts I and II allege that Defendants wrongfully terminated Santiago because he reported what he believed to be an illegal act to the Illinois Secretary of State. Santiago, individually and as a class representative, brings Count III under the IMWL and the regulations promulgated thereunder, 56 Ill. Admin. Code §210.100 *et seq.*, for Defendants' failure to pay Santiago and the class overtime wages. Santiago and the class worked for the Defendants as Assistant Managers in the State of Illinois. With the knowledge and authorization of the Defendants, they regularly worked in excess of forty (40) hours per week. Defendants have improperly classified them as exempt from

the state overtime laws and did not compensate Santiago and the rest of the class for all the time worked in excess of forty hours per week. Similarly, Santiago brings Count IV under the FLSA for the Defendants' failure to pay Santiago, and those similarly situated, overtime wages.

## FACTS COMMON TO ALL COUNTS

2.      Santiago is an individual residing at 7707 West 79th Place in the City of Bridgeview, County of Cook, State of Illinois.

3.      Elite is a staffing agency with multiple offices locally and nationwide, including one in Berwyn, Illinois. Elite's principal place of business is 1400 West Hubbard Street, Second Floor, City of Chicago, County of Cook, State of Illinois.

4.      Upon information and belief, Gary is the president of Elite and works at 1400 West Hubbard Street, Second Floor, City of Chicago, County of Cook, State of Illinois.

5.      Upon information and belief, Andrew is the secretary of Elite and works at 1400 West Hubbard Street, Second Floor, City of Chicago, County of Cook, State of Illinois.

6.      Mike was Santiago's immediate supervisor and works at 3248 W. 55th Street, City of Chicago, County of Cook, State of Illinois.

7.      Elite is in the business of providing temporary workers and temporary to permanent workers ("temp-to-perm") to various industries.

8.      Elite considers the workers it places to be full-time employees of Elite.

9.      From sometime in 1998 to May of 2008, Santiago was employed through Elite to perform temp-to-perm or temporary work for Elite's clients.

10.      From May 20, 2008 until April of 2014, Santiago was the Third Shift Coordinator for Elite's office located at 3248 W. 55th Street, Chicago, IL. As the Third Shift Coordinator, Santiago was

2

in charge of placing Elite temporary and temp-to-perm workers with Elite clients, identifying temporary and temp-to-perm workers to be placed with Elite clients, completing all required paperwork and giving new employee orientations. During this period, Santiago was compensated on an hourly basis.

11.     In April of 2014, Elite promoted Santiago to Assistant Manager at the Elite office located at 6810 W. 26th Street, Berwyn, Illinois. As an Assistant Manager, Santiago was in charge of placing Elite temporary and temp-to-perm workers with Elite clients, identifying temporary and temp-to-perm workers to be placed with Elite clients, overseeing Shift Coordinators and On-site Supervisors and interviewing employees for Elite's in-house openings.   During this period, Santiago's compensation was converted to an annual salary of $36,000.00. He held the Assistant Manager position until his termination in December of 2014.

12.     Upon information and belief, Mr. James Simcoe ("Simcoe") worked for Elite from July to December of 2012 and then again from March to June of 2014. He provided services through Elite to several Elite clients.

13.     Upon information and belief, in December of 2012, after Elite placed Simcoe at Menasha Packaging, Inc. located at 4545 W. Palmer, City of Chicago, County of Cook, State of Illinois, Menasha hired Simcoe as a direct full-time employee of Menasha.

14.     Upon information and belief, in January of 2014, Mensha terminated Simcoe when he failed to report to work due to his incarceration.

15.     Upon information and belief, in or around March of 2014, Simcoe returned to Elite for placement yet continually refused to accept work assignments from Elite.

16.     Upon information and belief, prior to March of 2014, Simcoe had been cited for an

unknown number of driving under the influence of alcohol traffic violations. Due to these violations, the State of Illinois required that Simcoe have a Breath Alcohol Ignition Interlocking Device installed on his vehicle. This device requires that Simcoe blow into it before starting the vehicle and at random times during the vehicle's operation to ensure that Simcoe is not operating the vehicle while under the influence of alcohol. Simcoe was further enrolled in the State of Illinois Breath Alcohol Ignition Interlocking Device Program (the "Program"). The public policy behind the Program is to ensure that Illinois residents with two or more alcohol related driving violations or with two or more reckless homicide convictions where drugs or alcohol were an element of the offense cannot operate their own motor vehicle while under the influence of alcohol yet still allowing these same violators driving privileges for such limited purposes as employment, all for the purposes of protecting lives.

17.     Upon information and belief, Simcoe had obtained or applied for a restricted driving permit through the Illinois Secretary of State which allows him to drive for employment purposes only. This permit requires that Simcoe's employer complete an Employment Verification Form ("Employment Form"). A true and correct copy of the form is attached hereto as **Exhibit A**. The Employment Form required Elite to contact the Illinois Secretary of State "in writing if employment is terminated by the undersigned or the applicant." *See* Exhibit A. The cover letter attached to the Employment Form also states that the employer, in this case Elite, is to inform the Illinois Secretary of State in writing if employment is terminated by either party. A true and correct copy of the cover letter is attached hereto as **Exhibit B.**

18.     On April 18, 2014, Marcos Rubio, the staffing coordinator for Elite, completed the Employment Form to establish that Simcoe was indeed an employee of Elite and that he will need to drive to Elite and to various job sites within a 50 mile radius of the Elite office located at 3248 W. 55th

4

Street, Chicago, Illinois or the Elite office located at 6810 W. 26th Street, Berwyn, Illinois. *See* Exhibit A.

19.     The Employment Form required that Elite notify the Illinois Secretary of State of any change in employment status. This notification requirement specifically includes termination of employment regardless of the cause. *See* Exhibit A.

20.     The State of Illinois Department of Administrative Hearings further required that Simcoe provide it with three references that have either completed the document entitled "Abstinence/Character/Substance Use" ("Character Form") or drafted a letter regarding same. A copy of the form is attached hereto as **Exhibit C**. The purpose of the Character Form is to establish that the petitioner, in this case Simcoe, has abstained from alcohol and drugs and, more importantly, that the petitioner has experienced a "change in lifestyle and general attitude." *See* Exhibit C, ¶ 5.

21.     The public policy behind the Character Form is to establish not only the petitioner's abstinence and good character but also that the petitioner has changed the attitudes and lifestyle that lead to the use/abuse of drugs and alcohol and to the poor decisions that contributed to the traffic offenses in which drugs or alcohol were involved, all for the purposes of protecting lives.

22.     In or around May of 2014, Simcoe requested that Santiago act as a reference and complete the Character Form.

23.     In or around May of 2014, Santiago agreed and completed the Character Form for Simcoe. *See* Exhibit C.

24.     On June 6, 2014, Simcoe telephoned Santiago at Elite to request that Santiago illegally sign him in on the Elite employee sign-in sheet so that Simcoe could fail to report for work but continue to collect unemployment compensation benefits from the State of Illinois.

25.     Santiago refused Simcoe's request and Simcoe and Santiago engaged in a verbal

5

altercation regarding Simcoe's request.

26.    Due to Simcoe's request that Santiago perform an illegal act, Simcoe's employment with Elite was terminated.

27.    As a result of his involvement in the dispute with Simcoe, Elite suspended Santiago for two days, June 12 and 13, 2014, without pay.

28.    Upon Simcoe's termination, Santiago contacted the Program to inquire as to what duty, if any, Santiago had regarding reporting Simcoe's termination of employment with Elite, the circumstances surrounding the termination, and his failure to demonstrate good character.

29.    The Program representative instructed Santiago to compose a letter detailing the circumstances surrounding Simcoe's termination and to send the letter to the Program.

30.    On June 11, 2014, during his suspension meeting, Santiago told both Mike (his immediate supervisor) and Elite's Human Resources Department representative ("HR") that he was going to draft a letter to the Program detailing the circumstances surrounding Simcoe's termination, explaining that Simcoe was no longer employed by Elite and that Simcoe had not changed his lifestyle or general attitude as required by the Illinois Department of Administrative Hearings. *See* Exhibit B. Both Mike and HR supported Santiago writing this letter.

31.    On or about June 19, 2014, Santiago faxed his letter to the Program. A true and correct copy of the letter is attached hereto as **Exhibit D**.

32    After his return to Elite from suspension, Santiago had no contact with Simcoe.

33.    Santiago returned to work on June 16, 2014 from his 2-day suspension and from then until his December 5, 2014 termination, had no further disciplinary actions taken against him by Elite.

34.    On December 5, 2014, Mike called Santiago to a meeting at an IHOP restaurant in Bridgeview, Illinois.

6

35.     In the parking lot of the Bridgeview IHOP restaurant, Mike handed Santiago a copy of the letter Santiago wrote to the Program (Exhibit D) detailing the circumstances surrounding Simcoe's termination and told Santiago that he was fired for writing the letter and sending it the Program.

### Count I - Violation of the Illinois Whistleblower Act
### Jury Demanded
### Against All Defendants

36.     Santiago restates and realleges Paragraphs 1-35 and incorporates them into this Count I by reference.

37.     Elite violated the Act by firing Santiago for informing the Program and the Illinois Secretary of State of Simcoe's termination from Elite employment, the change in employment status and the circumstances surrounding Simcoe's termination.

38.     Illinois protects employees who inform the State of Illinois of illegal acts related to the workplace. The Act states, in pertinent part:

> "(a) Certain policies prohibited. An employer may not make, adopt or enforce any rule regulation or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a state or federal law, rule or regulation. (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has a reasonable cause to believe that the information discloses a violation of a State or Federal law, rule or regulation."

740 ILCS 174/15.

39.     Santiago's conversation with the Program created a reasonable belief by Santiago that he had an affirmative duty to report Simcoe's termination, the circumstances surrounding the termination, and Simcoe's failure to alter his lifestyle and general attitude as required by the Character

40.     Santiago's disclosure of Simcoe's termination is specifically required by the Illinois Secretary of State. The cover letter of the Employment Form and the Employment Form itself states: "if employment is terminated by any reason by yourself or your employee, please notify this office in writing so that the appropriate action can be taken." *See* Exhibits A and B. Further, Simcoe did not abide by the requirements of the Character Form when he did not alter his lifestyle or his general attitude. *See* Exhibit C.

41.     Therefore, Elite violated the Act when it fired Santiago for sending the letter to the Program and disclosing Simcoe's termination, the circumstances surrounding the termination, and his failure to alter his lifestyle and general attitude to the Secretary of State.

WHEREFORE, Plaintiff, Hector Santiago, respectfully requests that this Court enter an order in Santiago's favor and against Defendants Elite Staffing, Inc., Gary Cole, Andrew Cole, and Mike Ray for (a) lost wages; (b) punitive damages; (c) litigation costs; (d) reasonable attorney's fees; and (e) any and all further relief this Court deems just.

### Count II - Violation of Illinois Public Policy
### Jury Demanded
### Against All Defendants

1.     Santiago restates and realleges Paragraphs 1-35 and incorporates them into this Count II by reference.

2.     By firing Santiago for informing the Program and the Illinois Secretary of State's office of Simcoe's termination and the circumstances surrounding the termination, Elite violated Illinois public policy.

3.     Santiago was terminated in retaliation for sending the letter (*see* Exhibit D) to the Program and the Secretary of State. Santiago's termination is a clear violation of Illinois public policy. In sending the letter to the Program, Santiago was acting to protect the public health and safety.

8

4.      Additionally, Santiago's letter to the Program (*see* Exhibit D) clearly establishes that his reason for drafting and sending the letter was based not only on his reasonable belief that he had a duty to do so, but also because he truly believed that Simcoe's continued operation of a motor vehicle created a health risk to the general public.

5.      Elite has admitted that Santiago's termination was a direct result of his letter to the Program detailing Simcoe's termination and the circumstances surrounding the termination. Attached hereto as **Exhibit E** is true and correct copy of Mike Ray's signed statement attesting to the fact that Santiago's termination from Elite was based on the letter (Exhibit C) Santiago wrote to the Program. Exhibit E reads in its entirety:

> Per [Gary Cole's] request I let Hector go this morning. I explained to Hector that his termination was a result of the letter he wrote to the Secretary of State acting as a representative of Elite Staffing. I told Hector that he did not have the authorization to send the letter out acting as an Elite representative and that if he would have just sent the letter out without mentioning Elite nothing would have happened. I asked Hector to call Gary if he wanted to discuss it any further.

WHEREFORE, Plaintiff, Hector Santiago, respectfully requests that this Court enter an order in Santiago's favor and against Defendants Elite Staffing, Inc., Gary Cole, Andrew Cole, and Mike Ray for (a) lost wages; (b) punitive damages; (c) litigation costs; (d) reasonable attorney's fees; (e) emotional distress; and (f) any and all further relief this Court deems just.

## COUNT III
### Jury Demanded
### Violation of the IMWL-Overtime Wages
### Against All Defendants
### (Brought by Santiago on his own behalf and on behalf of a class)
### Collective Action Allegations

1.      Santiago restates and realleges Paragraphs 1-35 and incorporates them into this Count III by reference.

9

2.      With respect to the claims under the IMWL, Santiago seeks to represent a class that is composed of and defined as follows: All persons currently, or who have been employed by Defendants as "Assistant Managers" or some similar title, at any time during the applicable three-year statute of limitations.

3.      Santiago, the class representative, was employed by Defendants in this position and satisfies this definition (see above) and therefore seeks certification of this lawsuit as a class action in order that his rights and those of the class regarding overtime payments owed to them by Defendants be resolved.

4.      This action is brought pursuant to the class action provisions of 735 ILCS 5/2-801, because the class is so numerous that joinder of all class members is impracticable.  While the precise number of class members has not been determined at this time, upon information and belief, Defendants employ one hundred (100) individuals at any given time who satisfy the class definition.  The class representatives and the class members have been equally affected by Defendants' failure to pay overtime wages.

5.      Further, those class members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

6.      The issues involved in this lawsuit present common questions of law and of fact, and these common questions of law and fact predominate over the variations which may exist between members of the class, if any.  These common questions of law and of fact include, without limitation:

A.      Whether Defendants unlawfully failed to pay overtime compensation in violation of the IMWL, and the regulations promulgated thereunder;

10

B.   Whether the class representative and the class members are exempt or non-exempt from entitlement to overtime compensation for hours worked under the pay requirements of Illinois law;

C.   Whether Defendants failed to keep accurate time records for all hours worked by the class representative and the class members; and

D.   The proper measure of damages sustained by the class representative and the class members.

7.   The class representative and class members and Defendants have a commonality of interest in the subject matter and remedy sought. The class representative is able to fairly and adequately represent and protect the interests of the class. The class representative, like other members of the class, was subjected to Defendants' policies and practices that resulted in a failure to compensate at the applicable overtime rates pursuant to Illinois law. Also, Santiago's job duties were typical of the duties of the class members. Santiago's counsel is competent and experienced in litigating wage and hours litigation.

8.   Individual actions by each member of the class injured or affected, would result in a multiplicity of actions, creating a hardship to the class representative, the class members, the Court, and to Defendants. The damages suffered by the individual class members are small compared to the expense and burden of vigorous individual prosecution of this litigation against Defendants. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**Facts Common To All Claims**

9.   Santiago and the class reallege paragraphs 1 through 8 of Count III.

10.   During the three-year statutory period, Santiago worked as an Assistant Manager.

11.   During the three-year statutory period, Santiago and the class routinely worked in

11

excess of forty (40) hours per week without receiving overtime pay.

12.     Prior to December 5, 2014, Defendants were Santiago's "employers" as defined by Section 105/3 of the IMWL, 820 ILCS 105 *et seq.*, and compensated Assistant Managers solely on a salary basis, and classified them as exempt from the IMWL and the FLSA.

13.     Santiago's duties assigned to him by Elite were not exempt as defined by Section 105/4a of the IMWL, 820 ILCS 105 *et seq.*

14.     These practices violate the provisions of the IMWL, 820 ILCS §105/1 *et seq.*, and the regulations promulgated thereunder, 56 Ill. Admin. Code §210.100 *et seq.*

15.     The foregoing conduct, as alleged, constitutes a willful violation of the IMWL.

16.     As a direct and proximate result of Defendants' unlawful conduct, Santiago and the class have suffered and will continue to suffer a loss of income and other damages. Santiago and the class are entitled to liquidated damages and attorneys' fees and cost incurred in connection with this claim.

WHEREFORE, Santiago, individually, and as class representative, and the class members pray for a judgment against Defendants, as follows:

A.     A determination that this action may be maintained as a class action under 735 ILCS 5/2-801, appointing Santiago as Class Representative and his counsel as Class Counsel;

B.     Judgment that Santiago and the class are non-exempt employees entitled to protection under the IMWL;

C.     Judgment that Defendants violated the overtime provisions of the IMWL;

D.     An award against Defendants for an amount equal to Santiago's and the class' unpaid back wages at the applicable overtime rates;

E.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and

punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

F.     An award of all costs and reasonable attorneys' fees incurred in prosecuting this claim, to the extent allowed by Illinois law;

G.     Leave to amend this Complaint to add relevant claims and plaintiffs;

H.     For further legal and equitable relief as the Court deems just and equitable.

**Count IV**
**Jury demanded**
**Violation of FLSA - Overtime Wages**
**Against All Defendants**
**(Brought by Santiago on his own behalf and on behalf of a class)**
**Collective Action Allegations**

1.     Santiago restates and realleges Paragraphs 1-35 and incorporates them into this Count IV by reference.

2.     As Assistant Managers, Santiago and those similarly situated are or were employed by Defendants within the requirements of the FLSA.

3.     Upon information and belief, Defendants improperly classified Assistant Managers as exempt from FLSA protections. Santiago and other Assistant Managers are not engaged in exempt work (hiring and firing employees and other supervisory tasks) and therefore are entitled to overtime pay.

4.     Santiago and those similarly situated routinely worked over forty (40) hours in a workweek and were not compensated at the applicable overtime rates.

5.     Santiago seeks to have a certified collective action consisting of the following: All persons who are currently, or have been employed by Defendants as "Assistant Managers."

6.     Defendants are and were aware that Santiago and those similarly situated work(ed) under these conditions, and yet Defendants still denied them overtime compensation.

13

7.     Defendants failed to make, keep, and preserve records of hours worked by Santiago and those similarly situated sufficient to determine their wages and hours worked.

8.     Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting all Assistant Managers, or those employees with similar titles.

9.     Defendants' conduct is willful and in bad faith, and has caused significant damages to Santiago and those similarly situated.

10.     Defendants are liable under the FLSA for failing to properly compensate Santiago and those  similarly situated.

11.     Notice of this action should be sent to all similarly situated Assistant Managers. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

### Facts Common To All Claims

12.     Santiago realleges paragraphs 1 through 11 of Count IV.

13.     At all relevant times, Santiago and those similarly situated were each an "employee" of Defendants as defined by §3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

14.     At all relevant times, Elite Staffing was an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203 (s)(1)(A) of the FLSA, 29 U.S.C. § 203 (s)(1)(A).

15. Andrew, Gary and Mike are involved in the day-to-day business operation of Elite Staffing's Berwyn office. Andrew and Gary have the authority to hire and fire employees, the authority to direct and supervise the work of employees, and the authority to make decisions regarding employee compensation and capital expenditures.

16. Each of the Defendants are Santiago's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. During the course of his employment by Defendants, Santiago and those similarly situated were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207.

18. During the course of his employment by Defendants, Santiago and those similarly situated were directed to work, and did so work, in excess of forty (40) hours per week.

19. Pursuant to 29 U.S.C. § 207, for all weeks during which Santiago and those similarly situated worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

20. Defendants did not compensate Santiago or those similarly situated at a rate of one and one-half times their regular hourly rate of pay for time worked in excess of forty (40) hours in individual workweeks.

21. In denying overtime compensation, Defendants violated the FLSA.

22. By failing to record, report, and/or preserve records of hours worked by Santiago and those similarly situated, Defendants have failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

23. Defendants' failure and refusal to pay Santiago and those similarly situated

15

23.     Defendants' failure and refusal to pay Santiago and those similarly situated overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. § 207.

WHEREFORE, Santiago and all those similarly situated pray for judgment against Defendants as follows:

A.     Designation of this action as a collective action on behalf of Santiago and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. §216(b);

B.     Judgment that Santiago and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.     Judgment that Defendants violated the overtime provisions of the FLSA;

D.     Judgment that Defendants' violations as described above were willful;

E.     An award against Defendants for an amount equal to Santiago's and those similarly situated's unpaid back wages at the applicable overtime rates;

F.     An award against Defendants for the amount of Santiago's and those similarly situated's unpaid back wages at the applicable overtime rates, liquidated damages, and penalties where provided by law, and interest thereon, subject to proof at trial;

G.     An award of all costs and reasonable attorneys' fees incurred in prosecuting this claim, pursuant to 29 U.S.C. §216 and/or other applicable laws;

H.     An award of prejudgment interest to the extent liquidated damages are not awarded;

I.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.     For further legal and equitable relief as the Court deems just and equitable.

16

Respectfully submitted,
HECTOR SANTIAGO

By: _____

Peter M. Follenweider

Margherita M. Albarello
Peter M. Follenweider
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, Illinois 60068
Tel  (847) 698-9600
Fax  (847) 698-9623
malbarello@dimontelaw.com
pfollenweider@dimontelaw.com
Firm ID - 02741

17

STATE OF ILLINOIS      )
                                   )
COUNTY OF COOK      )

## VERIFICATION

Under penalties as provided by law pursuant to §1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated upon information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____

Hector Santiago



Office of the Secretary of State
Department of Administrative Hearings
501 S. 2nd St., Room 212 Howlett Building
Springfield, Illinois 62756
(217) 782-7065

7/15 *(pee)*
Emp
R

## Employment Verification

*This form MUST be completed in its entirety. All blanks must be completed. Verification on letterhead stationery will NOT be accepted.*

DL Number: ▓▓▓▓▓▓▓▓    Date:   04/15/2014
Social Security Number: ▓▓▓▓▓▓▓▓

I, the undersigned hereby affirm that the following information is true and correct:

1. That JAMES ANTHONY SIMCOE is employed by ELITE STAFFING, and has been so employed for **2 weeks** ~~year(s).~~

2. Employee's Work Schedule: (no more than 12 hours/day and 6 days/week)

| | Start Time | | End Time | | |
|---|---|---|---|---|---|
| Sunday | NO | am / pm | NO | am / pm | |
| Monday | 5:00 | (am)/ pm | 5:00 | am /(pm) | Note: Please circle |
| Tuesday | 5:00 | (am)/ pm | 5:00 | am /(pm) | a.m. or p.m. |
| Wednesday | 5:00 | (am)/ pm | 5:00 | am /(pm) | for each starting |
| Thursday | 5:00 | (am)/ pm | 5:00 | am /(pm) | and ending time |
| Friday | 6:00 | (am)/ pm | 5:00 | am /(pm) | entered |
| Saturday | 5:00 | (am)/ pm | 5:00 | am /(pm) | |

3. If applicable above named employee is required to operate a motor vehicle for business purposes during business hours within **50** miles, for the following purpose(s):
James will need to drive to different locations and report back to our office.

4. Is this company owned by the permittee and/or the permittee's family? yes _____ no X

5. Is your employee required to operate a motor vehicle(s) owned or leased by the employer for employment purposes?
Yes: _____ No: X
If Yes, please explain why: _____

6. Your employee will be issued a restricted driving permit for class D.

7. That the undersigned is required and hereby agrees to notify the Secretary of State in writing, typed on letterhead stationery, of any changes in hours or area of employment for the applicant subsequent to the date of this verification of employment. Furthermore, your employee must contact an Informal Hearing Officer with work changes, typed on letterhead stationery, in order to apply for a corrected restricted driving permit.

8. Further, that the undersigned agrees to advise the Secretary of State's office in writing if employment is terminated by the undersigned or the applicant.

Name: Marcos Rubio    Title: Staffing Coordinator

Company Name: _____

Company Address: _____
Elite Staffing Inc.
3248 W. 55th Street
Chicago, IL 60632
PH: 773-436-0103

RECEIVED (S)
APR 2 4 2014
Secretary of State
Administrative Hearings

Work Location: _____

Business Telephone:(_____) _____-_____    Date: 4-18-2014

OD-25155.RPT


EXHIBIT
A



# OFFICE OF THE SECRETARY OF STATE

**JESSE WHITE**   Secretary of State

April 15, 2014

Att: MARGOS RUBIO
ELITE STAFFING
3248 WEST 55TH STREET
CHICAGO, IL 60632

RE:   JAMES ANTHONY SIMCOE
      File

Dear Employer:

Your employee has applied to this Office for a Corrected Restricted Driving Permit. Such permits are authorized by law for transportation to and from work and as required on the job. Your employee is required to have a Breath Alcohol Ignition Interlock Device (BAIID) installed on any vehicle operated except those owned or leased by the employer and operated for employment purposes. Please fill out the applicable parts of the enclosed Employment Verification Form for your employee Please fill out the applicable parts of the enclosed Employment Verification Form for your employee and return the form to the address listed below within 60 days.

The restrictions on your employee's Restricted Driving Permit are compiled by the data that you supply, so it is imperative that we have complete and detailed information regarding the days, hours, and radius required for performing employment related duties. Incomplete forms that have to be re-sent, will delay in your employee receiving the Restricted Driving Permit, so please take time to ensure all the information is correct before mailing.

Also, please be advised if there is a change in employment hours, days or area, it is necessary for your employee to contact the nearest Informal Hearing Officer immediately, to apply for a Corrected Restricted Driving Permit or if employment is terminated for any reason, by yourself or your employee, please notify this Office in writing, so that the appropriate action may be taken.

Thank you for your prompt response to this request and be advised that failure to return this form within the allotted time frame will result in the DENIAL of your employee's request for driving relief. If more information is necessary, you may call us at (217) 782-7065.

Thank you.


Department of Administrative Hearings
Support Services Division
Room 212, Howlett Building
Springfield, Illinois 62756

OD-25151.RPT


EXHIBIT
B

# DOCUMENTATION OF ABSTINENCE/ CHARACTER/SUBSTANCE USE



**Office of the Secretary of State DEPARTMENT OF ADMINISTRATIVE HEARINGS**

Additional forms may be obtained at www.cyberdriveillinois.com

A petitioner must provide at least three original letters from individuals who have regular and frequent contact with him/her, which include, at a minimum, the following information. This form may be completed and submitted in lieu of a letter. Letters/forms must be signed and dated within 45 days if appearing in person for a hearing. If being submitted as part of a Non-Resident Out-of-State Hearing Application, the letters/forms must be signed and dated within 45 days of the postmark date. If additional space is needed, please use the back of this form.

_____     _____
Petitioner's Name (type or print)                                    Illinois Driver's License Number

1.  What is your relationship to the petitioner (family member, friend, co-worker, etc.)?

2.  How long have you known the petitioner?

3.  How often do you see the petitioner (daily, weekly, monthly, etc.)?

4.  How long have you known the petitioner to be abstinent **from alcohol and/or drugs**? Be as specific as possible, providing abstinence dates for each substance, if applicable. If the petitioner is **still using alcohol/drugs**, describe the frequency and amount of alcohol/drug use and how long the petitioner has maintained that use.

5.  Describe any changes in lifestyle and general attitude you have observed in the petitioner since he/she has remained abstinent or maintained the current use pattern.

6.  Describe the petitioner's character and why you feel he/she will be a safe and responsible driver.

**NOTE: Fellow members of a support group should not provide abstinence/character/substance use letters/forms unless the members have regular and frequent contact with the petitioner outside the group meetings. If a fellow member provides a letter/form, he/she must identify the frequency and extent of contact with the petitioner outside of the group meetings.**

_____     _____
Signature                                                                          Date

_____
Address/City/State/ZIP



From:Elite Staffing          773 235 2243          06/19/2014 13:52          #132 P.001/001

James A. Simcoe

DL# SS20-4418-0281

RECEIVED
JUN 18 2014
BAIID DIVISION

To whom it may Concern,

I am writing this letter to inform you of James Simcoe who is currently with your Baiid program. Reason for this letter is that He had me sign a petition to help him receive his license back from the state. In regards to this petition, I would like to retract my signature and statement I submitted to him for this matter. James has asked me to put my job in jeopardy by illegally signing him in on my sign in sheet for employment so that he may continue to collect unemployment unjustifiably. I am the assistant manager here at the agency of Elite Staffing / Labor Power. James was employed with us from 7/18/2012 – 12/1/2012 and then he was hired by a company named Menasha from which he was fired in January of 2014. After being fired by Menasha for being incarcerated he came back to the agency around March of 2014 and was sent out to work. After working 1 day James continued to come to the office but would refuse work. James would come in to the office sign in then leave. On Friday 6/6/2014 James called me to ask me if I can sign him into my sheet for employment and I told him I can't do that and he started to have a fit and began sending me harassing text messages to my private phone line in which I called him back and had a very bad conversation with him. I thought that James was a different person but he showed otherwise and drew me into a confrontational argument with him on that Friday. I would really regret if he had gotten his license back and something happen to someone. I would not want that on my conscience, he really needs to be revaluated before doing so. At this point he is unemployed.

Sincerely,

Hector Santiago.

James A. Simcoe

D.O.B 10/2/1980

Drivers License # SS20-4418-0281

SS# ***-**-3603

I can be reached @
(708) 629-8512

Hsantiago@elitestaffinginc.com



EXHIBIT
tabbies

Reyna,

Per Gary's request I let Hector go this morning. I explained to Hector that his termination was a result of the letter he wrote to the Secretary of State acting as a representative of Elite Staffing. I told Hector that he did not have the authorization to send the letter out acting as an Elite representative and that if he would have just sent the letter out without mentioning Elite nothing would have happened.  I asked Hector to call Gary if he wanted to discuss it any further.



Mike



ELITE 0048

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

COPY

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, ___LAW___ DIVISION

No. 2015L004671
CALENDAR/ROOM R
TIME 00:00

HECTOR SANTIAGO,

_____ (Name all parties)

v.

ELITE STAFFING, INC., et al.
_____

c/o Attorney for the Defendants:
Sara P. Yager
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, IL 60654-4688

## ◉ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

| ○ District 2 - Skokie | ○ District 3 - Rolling Meadows | ○ District 4 - Maywood |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ○ District 5 - Bridgeview | ○ District 6 - Markham | ○ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60428 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.                    **MAY 0 5 2015**

Atty. No.: __02741__

Name: __Peter M. Follendweider, Margherita M. Albarello__

Atty. for: __Plaintiff__

Address: __DiMonte & Lizak, LLC, 216 W. Higgins Road__

City/State/Zip: __Park Ridge, IL 60068__

Telephone: __847-698-9600__

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)    (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |



(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, __LAW__ DIVISION

HECTOR SANTIAGO,

(Name all parties)

v.

ELITE STAFFING, INC., et al.

No. 2013L004671
CALENDAR/ROOM N
TIME 00:00
Retaliatory Discharge

c/o Attorney for the Defendants:
Sara P. Yager
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, IL 60654-4688

### ⦿ SUMMONS  ◯ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⦿ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __02741__

Name: __Peter M. Follendweider, Margherita M. Albarello__

Atty. for: __Plaintiff__

Address: __DiMonte & Lizak, LLC, 216 W. Higgins Road__

City/State/Zip: __Park Ridge, IL 60068__

Telephone: __847-698-9600__

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

MAY 0 5 2015

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |



(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, ___LAW___ DIVISION

No. _____
2015L004671
CALENDAR/ROOM N
TIME 00:00
Retaliatory Disch

HECTOR SANTIAGO,

_____
(Name all parties)

v.

ELITE STAFFING, INC., et al.
_____

c/o Attorney for the Defendants:
Sara P. Yager
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, IL 60654-4688

## ◉ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

◯ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

◯ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

◯ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

◯ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: ___02741___

Name: ___Peter M. Follendweider, Margherita M. Albarello___

Atty. for: ___Plaintiff___

Address: ___DiMonte & Lizak, LLC, 216 W. Higgins Road___

City/State/Zip: ___Park Ridge, IL 60068___

Telephone: ___847-698-9600___

MAY 0 5 2015

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 - Served        2121 - Served
2220 - Not Served      2221 - Not Served
2320 - Served By Mail    2321 - Served By Mail
2420 - Served By Publication   2421 - Served By Publication
SUMMONS           ALIAS - SUMMONS



(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, __LAW__ DIVISION

No. _____

2015 L 0046
CALENDAR/
TIME 00:00
Retaliator

HECTOR SANTIAGO,

(Name all parties)

v.

ELITE STAFFING, INC., et al.

c/o Attorney for the Defendants:
Sara P. Yager
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, IL 60654-4688

### ⊙ SUMMONS   ◯ ALIAS SUMMONS

To each Defendant:

     **YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

   ⊙ Richard J. Daley Center, 50 W. Washington, Room __801__ , Chicago, Illinois 60602

| | | |
|---|---|---|
| ◯ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ◯ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ◯ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ◯ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ◯ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | ◯ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

     This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: __02741__

Name: __Peter M. Follendweider, Margherita M. Albarello__

Atty. for: __Plaintiff__

Address: __DiMonte & Lizak, LLC, 216 W. Higgins Road__

City/State/Zip: __Park Ridge, IL 60068__

Telephone: __847-698-9600__

WITNESS, __MAY D 5 2015__

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Service by Facsimile Transmission will be accepted at: _____
                                   (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**